NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 23, 2007*
Decided May 31, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** JOEL M. FLAUM, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

No. 06-2245

BENYEHUDAH WHITFIELD,
      *Plaintiff-Appellant*,

      *v.*

ILLINOIS DEPARTMENT OF CORRECTIONS, *et al*.,
      *Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Western Division.

No. 02 C 50387
Philip G. Reinhard, *Judge*.

## Order

Benyehudah Whitfield sued the Illinois Department of Corrections (which holds him as a prisoner) and 31 of its employees. His grievance stems from the food he received after converting from Islam to the African Hebrew Israelite faith, one tenet of which is a vegan diet. Although the prison has furnished him a vegan diet since 2003, he complains that the change took too long (he converted in 2002), and that when he undertook a hunger strike to protest the delay the prison allowed him to imperil his health and retaliated for the inconvenience he had caused. Most of his claims, against most defendants, were dismissed on the pleadings, and the rest were resolved in the (remaining) defendants' favor by summary judgment.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

We have little to add to the district court's explanations and affirm without the need for repetitive exposition—except with respect to Whitfield's claim for damages on account of the delay in providing a vegan diet. Whitfield advances several constitutional theories, such as the free exercise clause of the first amendment and the equal protection clause of the fourteenth (he thinks that adherents to other faiths received better treatment), all of which the district court resolved against Whitfield on the merits, relying principally on *Kaufman v. McCaughtry*, 419 F.3d 678 (7th Cir. 2004), a decision that did not deal with religious diets. Although statutory claims take priority to constitutional ones, the district judge declined to address Whitfield's argument that the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc–5, required the prison to accommodate his religious dietary needs more promptly. When granting summary judgment, the district court wrote that Whitfield had not "alleged" a violation of RLUIPA and that "[p]laintiff cannot seek to add such a claim at this stage of the litigation."

Whitfield had indeed advanced an argument based on RLUIPA. The district court's cryptic response appears to reflect a view that legal theories must appear in the complaint. When opposing defendants' motion to dismiss the complaint, Whitfield invoked the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb–4, which *City of Boerne v. Flores*, 521 U.S. 507 (1997), held may not be applied to the states. The RLUIPA, based on the spending power, applies only to states that accept federal grants and thus is not subject (as RFRA is) to the limits of national power under §5 of the fourteenth amendment. The statutes are substantively identical with respect to prisoners' entitlements. As the district court (apparently) saw matters, however, the complaint's failure to mention RLUIPA was a fatal misstep. What is implicit in the district court's explanation is explicit in the appellees' brief, which argues at length that Whitfield forfeited his rights under RLUIPA when he did not amend his complaint to rely on that statute.

Yet nothing in Fed. R. Civ. P. 8 suggests that complaints must contain legal citations or arguments, and we have held that they need not. See, e.g., *Bartholet v. Reishauer A.G.*, 953 F.2d 1073 (7th Cir. 1992). The Federal Rules of Civil Procedure has an appendix of forms that "are sufficient under the rules". Fed. R. Civ. P. 84. None of the form complaints in the official appendix specifies the statute or rule of common law that supports the claim; it follows that legal citations are not required. A prisoner's complaint must *have* a legal foundation, see *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or it will be dismissed under 28 U.S.C. §1915A(b) or Fed. R. Civ. P. 12(b)(6). But the complaint need not spell out that basis; that's the function of motions and briefs.

The RLUIPA supplies a foundation for Whitfield's complaint, and he is entitled to a decision on the merits. Statutory theories take priority over constitutional ones; federal courts should not make unnecessary constitutional decisions. The district court has yet to consider a statutory theory that is antecedent to Whitfield's constitutional arguments. The judgment of the district court is affirmed, except with respect to the claim based on delay in providing a vegan diet, and the case is remanded for action consistent with this order. We suggest that the district court stay further proceedings pending this court's decision in *Koger v. Bryan*, No. 05-1904, which presents a closely related question.